# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TERRY KUEHNER,** | : |
| Petitioner | : |
| | :    **CIVIL ACTION NO. 3:16-1576** |
| v. | : |
| | :    **(Judge Mannion)** |
| **COMM. OF PENNSYLVANIA,** | : |
| Respondent | : |

## MEMORANDUM

## I. Background

Petitioner, Terry Kuehner, an inmate currently confined in the Retreat State Correctional Institution, ("SCI-Retreat"), Hunlock Creek, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). By Notice of Election dated September 28, 2016, Petitioner elected to have his petition ruled on as filed. (Doc. 7).

Petitioner claims that his "Due Process was not protected, but violated and enduced (sic) by the named actors where intervention is required by law for relief of 'Legal Error' and Constitutional Protections" when the following occurred:

> (1) The defendants named within this action failed and violated there (sic) Penological goals of a Ligitimate (sic) interest in effective management of a State Detention Facility, that created

a viable cause of action based upon the Trust of the Legistors (sic) intent of the Policy and Rules and Regulations of the DC-ADM. Petitioner is going off the recorded record of file.

(2) The Department of Corrections, either willfully or unintenshally (sic), they failed to reinstate money back on my account, as per policy and the rules of the agreed upon/contract of the DC-ADM 002, which enduced (sic) improper service of cable TV Cable, and improper service of repair after several requests and grievances filed that enduced (sic) Theft of Deception of unlawful taken of my money off my account while in there (sic) care, and violated the Trust that was invested to them as a State Agency.

(3) The defendants named within this Civil Action did everything to avoid the return of the reinstatement of money as required and wasted time and letters, etc to obtain relief which was completely in violations of Due Process and law.

(4) The said name actors did in fact, Harrised (sic) me, intimidated me, and retaliated against me, by staffs, false misconducts and even for serving them legal mail as per Rule of Civil Procedure 270 to where I got cell restriction, and got my level increased from a level two, to a level three, where my daughter and granddaughter came to see me and were turned away because the level three, only aloud (sic) one visit a week, and they never told me or give me nothing in writing of the level increase, which brought undue stress on myself and family. That was part of my sanction of there (sic) misconduct.

(5) The mailroom and staff did interfere with my legal mail by withholding a letter from the Prothonotary's Office, and the return of the sheriff's papers that the sheriff served them with and held them for 17 days before they returned them to me, to where I had to get them reinstated again and serve them which cost more money for postage and time, which violated Due Process under

>  the inmate mailbox rule and procedure, etc.

Id. For relief, Plaintiff "prays that the Honorable Court Judges brings justice to the Plaintiff and grants this Civil Action in its entirety, and of the maximum allowance by law, and brings protections needed to the Plaintiff in this Civil Action for relief." (Doc. 2 at 11). For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus.

## II.  Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 (1977) (applicable to §2241 petitions through Rule 1(b)). See, e.g., [Patton v. Fenton, 491 F.Supp. 156, 158–59 (M.D.Pa.1979)](). Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the

necessary facts can be determined from the petition itself." Allen v. Perini, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Id.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475, 498–99 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

In the instant case, Petitioner's challenge to the alleged actions of the Department of Corrections' employees is not a challenge to the fact or duration of his confinement. He does not claim that his judgment of conviction was invalid or that he is being confined in prison unlawfully. He does not seek release from prison, nor does he seek to be released sooner from prison. Rather, Petitioner believes that he has been wrongly denied a refund on his cable services, as well as being wrongfully increased from a

level two to a level three security. These actions, however, do not affect the length of his sentence. Significantly, Petitioner does not seek relief that would shorten the length of his current sentence and incarceration in prison. Nor does he seek release from prison by attacking the legality of his judgment or conviction. Therefore, his claims are not properly asserted in a habeas petition brought under 28 U.S.C. §2254, but rather must be pursued through the filing of a civil rights action pursuant to 42 U.S.C. §1983. See, e.g., Leamer, 288 F.3d at 542 ("whenever the challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under §1983 is appropriate"); Spruill v. Rosemeyer, 36 App'x 488, 489 (3d Cir. 2002). ("There are no material differences for purposes of this appeal between appellant's claims—that prison officials wrongfully disciplined him by placing him in segregated housing for one month and transferring him to a higher security prison in retaliation for exercising his First

Amendment Rights—and the claims in Leamer. The appellant challenges the conditions of his confinement, not the fact or duration thereof, and such a challenge could not have been brought by means of a habeas action."). Accordingly, the claims in the instant petition are not appropriate under a §2254 petition and will be dismissed without prejudice to any right Petitioner may have to reassert his present claims in a properly filed civil rights complaint.[1] See Wool v. York Cnty. Prison, Civil No. 98-0138, slip op. at 2-3 (M.D. Pa. January 30, 1998) (McClure, J.); Hewlitt v. Holland, Civil No. 96-1075, slip op. at 9 (M.D. Pa. July 2, 1997) (Nealon, J.) ("Because the petitioner will not be allowed to elude the filing fee requirements of the PLRA, his claims will be dismissed without prejudice, as they are not habeas corpus claims, but rather claims relating to the conditions of his confinement that should more appropriately be brought under the Civil Rights Acts.").

## III. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus

---

[1] In this regard, the Court expresses no opinion as to the merits, if any, of any civil rights claim Petitioner may file based upon the facts asserted herein.

6

will be **DISMISSED**. An appropriate order will follow.

                                              s/ *Malachy E. Mannion*
                                              **MALACHY E. MANNION**
                                              **United States District Judge**

**Dated: October 17, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-1576-01.wpd